UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------x
:
LAGUERRE LENSENDRO,            :
*Plaintiff*                    :         3:24 CV 1108 (KAD)
:
v.                             :
:
KEY BANK N.A.,                 :
*Defendant.*                   :         July 15, 2024
:
------------------------------------------------x

RULING GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND RECOMMENDING THAT THE COMPLAINT BE DISMISSED

On June 26, 2024, the plaintiff Laguerre Lensendro, proceeding *pro se*, commenced this action against defendant Key Bank N.A. (Doc. No. 1). The complaint alleges that defendant Key Bank is in breach of contract for failure to perform on an application by the plaintiff for an "advance" of $125,000. (Doc. No. 1 at 2-3).

The same day, the plaintiff filed a Motion for Leave to Procced *In Forma Pauperis*. (Doc. No. 2). The Court (Dooley, J.) has referred to the undersigned both the Motion to Proceed *In Forma Pauperis* and the complaint for an initial review, pursuant to 28 U.S.C. § 1915. (Doc. No. 8).

**I.   LEGAL STANDARD**

This matter is before the Court for a ruling on the plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, (Doc. No. 2), pursuant to 28 U.S.C. § 1915, which provides, in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that . . . [he] is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

1

The same statute that authorizes the Court to grant *in forma pauperis* status to an indigent plaintiff also contains a provision that protects against the abuse of this privilege. *See* 28 U.S.C. § 1915(e). Subsection (e) provides that the Court "shall dismiss the case at any time if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II. FINANCIAL AFFIDAVIT

Turning to the first step in the two-step process of review, the Court concludes that the plaintiff has established indigency. (*See* Doc. No. 2). The Court determines whether an applicant is indigent by reviewing the applicant's assets and expenses as stated on a declaration submitted with the motion to proceed *in forma pauperis*. The plaintiff, through his financial affidavit and the attachments therein, has demonstrated to the Court an inability to pay for the commencement of this action. Accordingly, the plaintiff's Motion to Proceed *In Forma Pauperis* is **GRANTED**.

## III. MERITS OF THE COMPLAINT

Turning to the merits of the complaint, as set forth herein, the Court finds that the complaint fails to set forth a legally cognizable claim for breach of contract.

### A. Factual Background

The plaintiff alleges that on May 13, 2024, he submitted an application to defendant Key Bank for an "advance" of $125,000 for "personal and household use." (Doc. No. 1 at 6).[1] The complaint states that, in order to secure the advance, the plaintiff "tendered an instrument with the face value equal to the amount of federal reserve notes being applied for." (*Id.*). The complaint

---

[1] The plaintiff includes a copy of the application along with the complaint as "Exhibit 1." (Doc. No. 1 at 10). The application shows that the plaintiff applied for an installment loan for a total of $125,000, for the purpose of "consumer living." (*Id.*).

refers to this instrument as a "Bill of Exchange," which the plaintiff claims was to serve as the collateral for the advance. (*Id.* at 7).[2] The complaint then states that an agent of the defendant by the name of Ron S. received the plaintiff's application along with the instrument and instructions on May 24, 2024. (*Id.*). The plaintiff also sent a follow-up correspondence to Key Bank's Chief Financial Advisor, "instructing them to apply the tendered payment and process the requested advance," on May 29, 2024. (*Id.*). According to the complaint, the plaintiff's application and related materials were received by Ron S. on June 6, 2024. (*Id.*).

After failing to receive a response, the plaintiff sent "another correspondence to the CFO, reiterating the request to apply the tendered payment and grant the advance." (*Id.*). The plaintiff states that this follow-up correspondence was received on June 18, 2024, but that this correspondence was also disregarded by the defendant. (*Id.*). As a result of the defendant's failure to correspond with the plaintiff and based on the defendant's retention of the plaintiff's application and the "tendered bill of Exchange," and the defendant's failure to disburse funds to the plaintiff, the plaintiff asserts that the defendant has failed to perform and is in breach of contract. (*Id.*).

B.   **Breach of Contract**

The Court finds that the complaint fails to state a claim for which relief could be granted for breach of contract based on the defendant's alleged failure to perform. "To prove a breach of contract claim under Connecticut law, a plaintiff must establish: '(1) the existence of a contract or agreement; (2) the defendant's breach of the contract or agreement; and (3) damages resulting from the breach.'" *Associated Constr./AP Constr., LLC v. Hanover Ins. Co.*, No. 3:15-cv-1600 (MPS),

---

[2] The plaintiff also includes a copy of what the complaint refers to as a Bill of Exchange with the complaint as "Exhibit 2." (Doc. No. 1 at 11). It is not immediately clear to the Court, however, that this document has any legal relevance as there does not appear to have been an agreement between the parties that the defendant would pay any sum of money to the plaintiff. Moreover, the stated amount tendered by the Bill of Exchange is $150,000 and does not match the numerical "amount payable" of $125,000. (*See id.*).

2018 WL 3998968, at *13 (D. Conn. Aug. 21, 2018) (citing *Chem-Tek, Inc. v. General Motors Corp.*, 816 F. Supp. 123, 131 (D. Conn. 1993)). "'In order to form a valid and binding contract in Connecticut, there must be a mutual understanding of the terms that are definite and certain between the parties.'" *Slainte Invs. Ltd. P'ship v. Jeffrey*, 142 F.Supp.3d 239, 249 (quoting *Joseph General Contracting, Inc. v. Couto*, 317 Conn. 565, 578 (Conn. App. 2010)).

Here, the plaintiff fails to allege any facts that would state a plausible claim for relief as the facts do not indicate that a contract or agreement between the plaintiff and the defendant existed. In fact, the plaintiff explicitly states in the recitation of the facts that he never received a response from defendant Key Bank or a representative from the defendant following the submission of his application. (*See* Doc. No. 1 at 7). Further, review of the application attached to the complaint by the plaintiff makes clear that what the plaintiff applied for was a loan. (*Id.* at 10). At no point does the plaintiff indicate that the defendant agreed to loan the plaintiff the money applied for, or set out terms for the loan's repayment, and instead states that the defendant never communicated with the plaintiff regarding the application. As such, the Court finds that the plaintiff failed to plead that a contract or agreement existed in the first instance and therefore respectfully recommends the plaintiff's claim for breach of contract be **DISMISSED**.

C.     **Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." However, "[l]eave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks

omitted). "[A] proposed claim is futile if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, it does not plausibly give rise to an entitlement to relief." *Fraser v. Caribe*, No. 3:20-CV-71 (SVN), 2022 WL 1210720, at * 3 (D. Conn. Apr. 25, 2022) (internal quotations and citation omitted).

Here, based on the Court's review of the complaint, it does appear that any amendment would be futile and that dismissal with prejudice is appropriate. But because this is the first initial review order, and the plaintiff is proceeding *pro se*, the Court will recommend that the complaint be dismissed without prejudice and that the plaintiff be given one opportunity to file an amended complaint which addresses the deficiencies highlighted in this ruling.

## IV.    CONCLUSION

For the reasons stated above, the plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is **GRANTED**. The Court further recommends that the complaint be **DISMISSED without prejudice** as the plaintiff has failed to state a claim upon which relief could be granted for breach of contract. The Court additionally recommends that the plaintiff be given one opportunity to file an Amended Complaint which, based upon the same incident described in the factual allegations alleged in the initial complaint, asserts at least one viable claim upon which relief could be granted.

If the plaintiff elects to file an amended complaint, that pleading must comply with the Federal and Local Rules of Civil Procedure and must be filed on or before **August 14, 2024**. It must be captioned "Amended Complaint," and will completely supersede the current complaint. Before filing any amended complaint, plaintiff must carefully review this Recommended Ruling and ensure that any amended complaint addresses the deficiencies identified herein. The Court will review the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). If the amended complaint fails to state a claim for which relief may be granted as to any claim already reviewed

by the Court, such claims may be dismissed with prejudice upon review under 28 U.S.C. §1915(e)(2)(B).

This is a recommended ruling. *See* FED. R. CIV. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days after filing of such order. *See* D. CONN. L. CIV. R. 72.2(a). Any party receiving notice or an order or recommended ruling from the Clerk by mail shall have five (5) additional days to file any objection. *See* D. CONN. L. CIV. R. 72.2(a). Failure to file a timely objection will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a) & 72; D. CONN. L. CIV. R. 72.2; *Impala v. United States Dept. of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order) (failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); *Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (per curiam).

Dated at New Haven, Connecticut, on this 15th day of July 2024.

    /s/ Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge